# HANG & ASSOCIATES, PLLC

ATTORNEYS AT LAW
136-18 39th Avenue, Suite 1003
Flushing, New York 11354


February 13, 2017


JIAN HANG, ESQ.
Tel : (718) 353-8588
Cell: (718) 350-9308
Fax: (718) 353-6288
Email: jhang@hanglaw.com

**VIA ECF**
Hon. Dora Lizette Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: **Zhao et al v. Dahlia Group, Inc., et al.**
Case No. 15-cv-7327 (DLI)(RER)

Dear Judge Irizarry:

Plaintiff Chun Sheng Zhao ("Plaintiff", "Plaintiff Zhao", or "Mr. Zhao") and Defendants Dahlia Group, Inc. and Christine Chiang ("Defendants"), respectfully request that Your Honor approve the settlement reached in this matter. A copy of the signed settlement agreement is annexed herein as Exhibit A.

### Settlement Amount

Both parties believe that the settlement amount is fair and reasonable. This action was originally brought by Plaintiff Zhao for alleged unpaid minimum wages, overtime wages, spread of hours, unlawful deductions, failure to give notice at time of hire, and failure to provide paystubs brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq. and the New York Labor Law ("NYLL").

Plaintiff Zhao alleged that he was formerly employed as a driver at a transport business owned by Defendants. Plaintiff Zhao claims to have worked for Defendants from September 2012 to the time of filing the complaint, December 23, 2015. Plaintiff Zhao alleged that he worked between 76 and 88 hours per week and was paid a fixed daily salary of $100 from September 2012 until May 31, 2015, and $130 from June 1, 2015 to December 23, 2015, regardless of hours worked.

1

Defendants deny all of Plaintiff's allegations.  Defendants maintain that Plaintiff was properly compensated, and given wage notices regarding Plaintiff's regular rate of pay, and paystubs reflecting Plaintiff's earned salary.

Specifically, pursuant to 29 U.S.C. § 213(b)(1), also known as the motor carrier exemption, Plaintiff is exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207. Moreover, pursuant to 12 NYCRR 142-2.2, Plaintiff is exempt from the overtime provisions under the NYLL because the FLSA exemptions (in this case, the motor carrier exemption) apply to the NYLL.   Federal courts in this district have consistently applied the motor carrier exemption to the NYLL. *See* Fox v. Commonwealth Worldwide Chauffeured Transporation of NY, LLC, 865 F. Supp. 2d 257, 268-69 (E.D.N.Y. 2012); Khan v. IBI Armored Servs., 474 F. Supp. 2d 448, 450 & n.1 (E.D.N.Y. 2007).

According to Defendants, based on the parties' testimonies and documentary evidence, there is absolutely no dispute that Dahlia Group, Inc. did not violate minimum wage and overtime laws under the FLSA and the NYLL.  As mentioned above, Plaintiff is exempt from the overtime provisions of the FLSA, and Defendants are entitled to assert the motor carrier exemption, because Plaintiff is a commercial bus driver who routinely engaged in interstate travel between New York and Connecticut.  Further, Defendants did not violate any minimum wage laws, as the parties' testimony and documentary evidence (in the form of pay statements, Defendants' wage-and-hour records, and Plaintiff's driver log books that Plaintiff signed and certified as "true and correct" with respect to the time entries and as required by the U.S. Department of Transportation, Federal Motor Carrier Safety Administration) will show that even assuming Plaintiff's version of the facts, he was paid more than the minimum wage for each of the years at issue.

Moreover, Plaintiff Zhao admitted in the complaint and at depositions that he engaged in interstate travel, by transporting customers to and from Connecticut and Flushing, New York. Thus, Plaintiff's counsel determined that Mr. Zhao was covered by the Motor Carrier Exemption to the FLSA and was thus not entitled to overtime premiums.

The only remaining viable claims in Plaintiff's complaint are his claims for unpaid minimum wages, and statutory damages relating to Defendants' failure to provide a wage notice at the time of hiring and failure to provide pay stubs in violation of the New York Wage Theft Prevention Act.  Plaintiff contends that he is entitled to $5,000 in total statutory damages for the notice violations, and unpaid minimum wages is minimal.

Significantly, if the case was to go to trial, Defendants are confident that they would be able to show through wage-and-hour records and witness testimonies that Plaintiff in fact: (1) was paid more than a minimum wage at all the years at issue and (2) received proper wage notices and/or paystubs throughout his employment period.  Nevertheless, Defendants agreed on the settlement amount of $9,000.00 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective defenses.

The gross settlement amount is $9,000.00 and the parties' settlement provides that this amount will include Plaintiff's counsel's attorneys' fees and costs of $4,450.00 and settlement payment to Plaintiff of $4,550.00. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged failure to provide a wage notice and pay stub violation and also

in view of the uncertainty of a protracted litigation. This settlement was reached after extensive negotiations between the parties' attorneys. The parties' settlement is fair and reasonable provided that Plaintiff has conceded that he is not entitled to overtime premiums, and is entitled to a maximum of $5,000.00 in statutory damages, which are in dispute.

**Attorney's Fees**

Plaintiff's settlement agreement also provides for reasonable attorney's fees. Pursuant to Plaintiff's counsel's retainer agreement with Plaintiff, Plaintiff's counsel will be reimbursed about $575.00 in filing and process server fees, and Plaintiff's counsel will ask for $3,875.00 as attorneys' fees, for a total amount of attorney's fees and costs of $4,450.00, as set forth in Section 1 of the Settlement Agreement. Based on Plaintiff's counsel's experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorney's fees.

Plaintiff's counsel has enclosed a true and correct copy of the contemporaneous time records kept by the firm in connection with this matter.  (See Exhibit B) Although Plaintiff's counsel worked over 62 hours on this matter, at a lodestar of $350 for principle attorneys and $275 for associate attorneys, the attorneys' fee for this settlement will be only $3,875.00. This court has already approved of a similar attorney's fees allocation by plaintiffs' Counsel in other matters.  For example, in *Man Wai Shiu v. Aluk 888, et al,* 15-cv-1642 (E.D.N.Y), the court approved an attorney fee of $6,000 for a total settlement amount of $7,500 and plaintiff was awarded $1,500 for his damages. This court also approved of a 40% fee allocation in *Yuping Xiong v. Lao Ma Ma La Tang Incorporated, et al,* 15-cv-5928 (E.D.N.Y).  In that matter, plaintiff's counsel spent over 45 hours, for a lodestar of $16,117.50 with costs and fees. Plaintiffs' counsel sought 40% of the $19,400 settlement amount, for a total of $8,360.  This amount was approved by the Court as reasonable.  In each of these cases, as in the matter before us, the lodestar aggregate was well above the amount provided for in the 1/3 fee allocation.

Generally, Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants with respect to litigating claims arising out of the employment relationship, including claims relating to employment discrimination, wage and hour issues, and contact disputes. While the majority of Hang & Associates' plaintiff-side work is contingency based, Hang & Associates typically calculate its attorney fees based on its hourly rate. Mr. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. He currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates, Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, his hourly rate of $350 per hour is reasonable.  Hang & Associates spent 62.8 hours on this matter, and had it been billing hourly, it would have incurred $21,447.50 in fees and costs. Hang & Associates is only receiving $3,875.00 in this settlement agreement. The number of attorney hours represented in the attorney worksheet is reasonable and represents hours that were necessarily expended on this litigation.

Counsel for Plaintiff and Defendants respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

*/s/  Jian Hang*
Jian Hang, Esq.

Cc:     Kevin K. Yam, Esq., Attorney for Defendants Dahlia Group, Inc. and Christine Chiang
        (via ECF)

4